# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Timothy W. Good,

    Petitioner,                                  Case No.: 3:15CV02389

    v.                                                **ORDER**

Warden, Ross Correctional Institution,

    Respondent.

       The petitioner, convicted by a Putnam County, Ohio, jury of one count of rape of a child under ten and one count of gross sexual imposition (likewise as to a child under ten), received a life sentence without the possibility of parole on the rape charge and a six-month term on the gross sexual imposition charge.

       Pending is his petition for habeas corpus relief under 28 U.S.C. § 2254. (Doc. 4). As filed, the petitioner asserted four grounds for relief:

       1. The convictions are not supported by the weight of the evidence;

       2. The evidence was insufficient to sustain the convictions;

       3. The defendant was prejudiced by the trial court's refusal to sever the counts for trial; and

       4. The defendant was denied effective assistance of counsel.

       Following referral to United States Magistrate Judge Kathleen Burke, Judge Burke filed a Report and Recommendation recommending that the petition be denied. (Doc. 15). The petitioner has filed an objection. (Doc. 18).

For the reasons that follow, I agree with the Magistrate Judge that the petition must be dismissed. No certificate of appealability shall issue, as jurists of reason could not reasonably dispute the rationale and result of either the Magistrate Judge's Report and Recommendation or this Order.

**Discussion**

In his objection to the Report and Recommendation, the petitioner seeks to assert that he received constitutionally defective assistance of counsel because his attorney compelled him to waive his right to testify. This is the first time that the petitioner has made this assertion.

Magistrate Judge Burke found that procedural default doctrines barred each of the four claims petitioner raised in his petition, which were, in essence, restatements of claims he asserted on direct appeal and in an appeal to the Ohio Supreme Court. The default doctrine applied, the Magistrate Judge concluded, because the petitioner's appeal to the Supreme Court had been untimely, and the petitioner failed to show cause for and prejudice from that default.

I agree with that conclusion and expressly adopt the Magistrate Judge's rationale and conclusion as my own.

As importantly, and equally conclusive, is the fact, as noted above, that the petitioner has not presented the gravamen of his objection (ineffective assistance of counsel based on his waiver of the right to testify) to either the state courts or in his habeas petition in this court. Magistrate Judge Burke read his ineffective assistance of counsel claim as based on the failure of his trial attorney to renew his pretrial motion to sever the counts before trial began. In doing so, Magistrate Judge Burke

looked to the ineffectiveness claim petitioner presented on direct appeal. This was sensible and entirely understandable.[1]

**Conclusion**

For the foregoing reasons, it is hereby,

ORDERED THAT:

1. The Report and Recommendation of Magistrate Judge Kathleen Burke (Doc. 15) be, and the same hereby is, adopted as the Order of the undersigned, and the petitioner's objection thereto (Doc. 18) be, and the same hereby is, denied;

2. The petition for a writ of habeas corpus (Doc. 4) be, and the same hereby is, dismissed; and

3. No certificate of appealability shall issue, as jurists of reason could not reasonably dispute the rationale and result of either the Report and Recommendation or this Order.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

---

[1] To the extent that the challenge petitioner makes in his objection has not been considered by the state courts, I make no finding or ruling as to the applicability of the exhaustion of remedies doctrine or whether the petitioner may yet be able to submit that claim to those courts.